UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KIRIAKI KOULA TSAHAS,<br>　　　Plaintiff,<br><br>　v.<br><br>COMMUNITY FOUNDATION<br>OF NORTHWEST INDIANA INC. and<br>ST. CATHERINE HOSPITAL INC.,<br>　　　Defendants. | )<br>)<br>)<br>) CAUSE NO.: 2:21-CV-279-JTM-JPK<br>)<br>)<br>)<br>)<br>) |

### SEALED OPINION AND ORDER

This matter is before the Court on Defendants' Rule 12(f) Motion to Strike [DE 31]. Defendants previously sought to have portions of Plaintiff's complaint redacted on the public docket, to protect attorney-client privilege and prevent the public disclosure of Plaintiff's allegations of criminal conduct by Defendants. That request was granted as to certain references to attorney communications but denied in all other respects. [*See* DE 30]. Defendants now ask the Court to strike this material from the complaint pursuant to Federal Rule of Civil Procedure 12(f). For the reasons described below, Plaintiff will be directed to re-file the complaint with some modifications.

### BACKGROUND

In brief, the complaint alleges as follows: Plaintiff Kiriaki Koula Tsahas was the Director of Pharmacy at St. Catherine Hospital ("St. Catherine"). St. Catherine participated in the federal 340B drug discount program, which allows hospitals with a certain percentage of Medicaid or uninsured patients to buy prescription drugs at a significant discount. This created a financial incentive for St. Catherine to treat more Medicaid or uninsured patients.

Beginning in 2019 (again, merely according to the allegations in the complaint), St. Catherine administrators began steering patients from 219 Health Network, a group of physician practices controlled by St. Catherine, to the hospital itself. Administrators allegedly "pressured" Tsahas to "qualify" these patients under the 340B program, to allow St. Catherine to secure discounted drugs. Tsahas became convinced that these patients were not eligible for the 340B program, and that qualifying these patients was prohibited by federal law. The administrators disagreed, but Tsahas pushed the issue by repeatedly presenting her case to the administrators and attempting to strengthen St. Catherine's audit procedures. In a meeting on October 15, 2019, St. Catherine's CEO allegedly reacted in a "hostile" manner to Tsahas's presentation, and made a comment that Tsahas interpreted as a threat to fire her. Tsahas complained to St. Catherine's Human Resources director. Two days later she received a two-week suspension, at the conclusion of which she was fired. Tsahas filed this complaint alleging a claim of unlawful retaliation under the False Claims Act ("FCA"), 31 U.S.C. § 3730, and state law claims for unlawful retaliation and defamation.

The Court denied Defendants' request to keep the entire complaint under seal, and their alternative request to redact any allegations of criminal conduct. The Court explained that portions of the record can be sealed if they fall within "categories of bona fide long-term confidentiality," such as attorney-client privilege (*Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)), but that privilege is narrowly construed. [DE 30 at 3]. Concerns of reputational damage from allegations of criminal conduct do not justify sealing, except in very rare circumstances. *Id*. at 6-7 (citing *Mitze v. Saul*, 968 F.3d 689, 692 (7th Cir. 2020)). Defendants now argue that the criminal allegations are scandalous, immaterial, and impertinent, and should be stricken pursuant to Rule 12(f).

## ANALYSIS

Rule 12(f) provides that the Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Therefore, district courts "have broad discretion to strike filings that may contain defamatory or irrelevant assertions." *Stephens v. Baker & McKenzie LLP*, 769 Fed. Appx. 362, 365 (7th Cir. 2019). However, "a court ordinarily will not strike a matter unless it can confidently conclude that the portion of the pleading . . . has 'no possible relation to the controversy and is clearly prejudicial.'" *Kesterke v. BCD White Inc.*, No. 1:18-CV-146-WCL-PRC, 2018 WL 3343079, at *1 (N.D. Ind. July 9, 2018) (quoting *Volling v. Antioch Rescue Squad*, 999 F. Supp. 2d 991, 1007 (N.D. Ill. 2013)); *Scott v. UAW Solidarity House*, No. 2:14-CV-106, 2016 WL 7367790, at *1 (N.D. Ind. Dec. 19, 2016).

Defendants argue that the allegations of criminal conduct are "unnecessary" because a defendant's criminal conduct is not a required element of any of Plaintiff's claims. However, Rule 12(f) is not intended to justify the removal of any detail that is not strictly necessary to prove a claim. These details are stricken only if they are "so unrelated to plaintiff's claim as to be void of merit [and] unworthy of any consideration." *Lewis v. Abernathy*, No. 2:16-CV-129-RLM-PRC, 2016 WL 3662260, at *2 (N.D. Ind. July 11, 2016) (quoting *Ahad v. S. Ill. Sch. of Med.*, No. 3:15-CV-3308, 2016 WL 3023971, at *1 (C.D. Ill. May 25, 2016)). For example, stricken allegations might describe "similar conduct but not the particular conduct giving rise to the claim," or "claims for which there was no factual basis." *Kesterke*, 2018 WL 3343079, at *2 (listing cases). That is not the case here, because the *allegedly* criminal conduct was documented within Plaintiff's internal complaints, which she claims led to her retaliatory dismissal. Although criminal activity is not a necessary element of any of Plaintiff's claims, it is relevant that she believed the conduct was illegal. It supports an inference that her complaints were made "in furtherance of an action

under [31 U.S.C. § 3730] or other efforts to stop 1 or more violations" of the FCA, as required for her to state an FCA retaliation claim.[1] 31 U.S.C. § 3730(h)(1). Plaintiff's state law retaliation claim incorporates the same standard. *See* I.C. § 5-11-5.7-8 (employee fired because of a lawful act "in furtherance of . . . efforts to stop one (1) or more violations" of I.C. § 5-11-5.7 is entitled to relief).

This case differs from the ones Defendants cite for the premise that "[i]t makes no difference that [stricken] allegations may have some arguable relationship to a dispute." Def. Br. 5. In *Downing v. SMC Corporation of America*, the court struck irrelevant references to a witness's "personal, familial, or alleged romantic relationships" in a wage and hour lawsuit. No. 1:20-CV-01954-JPH-DLP, 2021 WL 4943066, at *2 (S.D. Ind. Oct. 22, 2021). In *Malibu Media, LLC v. Tashiro*, the court struck "a list of files that are, for the most part, names of apparently pornographic movies" downloaded by the defendant, none of which were involved in the copyright infringement claims in that case. No. 1:13-CV-205-WTL-MJD, 2013 WL 4763498, at *3 (S.D. Ind. Sept. 4, 2013). The allegations here are not so private in nature, and they bear directly on the conduct that Plaintiff believes got her fired.

For the same reasons, Defendants' arguments that the material is "scandalous"[2] because it "unnecessarily reflects on the moral character of an individual," or "immaterial" and "impertinent"

---

[1] A plaintiff's efforts to stop FCA violations are protected activity if "the employee in good faith believes, and [] a reasonable employee in the same or similar circumstances might believe, that the employer is committing fraud against the government." *Fanslow v. Chicago Mfg. Ctr., Inc.*, 384 F.3d 469, 479-80 (7th Cir. 2004) (quoting *Moore v. Cal. Inst. of Tech. Jet Propulsion Lab.*, 275 F.3d 838, 845 (9th Cir. 2002)). Further, Plaintiff's factual allegations about Defendants' conduct could support an inference that she had an objectively reasonable belief of fraud when she made her complaints. *See, e.g., United States ex rel. Sibley v. Univ. of Chicago Med. Ctr.*, 44 F.4th 646, 662-64 (7th Cir. 2022); *Sicilia v. Boeing Co.*, 775 F. Supp. 2d 1243, 1253 (W.D. Wash. 2011) ("[T]he degree to which plaintiff's suspicion of fraud corresponds with what the defendants were actually doing is relevant to whether plaintiff's suspicion of fraud was reasonable."); *see also Lang v. Nw. Univ.*, 472 F.3d 493, 495 (7th Cir. 2006) (an employee who "imagined fraud but lacked any objective basis for that belief" could not sustain an FCA retaliation claim).

[2] Defendants also state that the allegations are "defamatory," citing Indiana cases showing that allegations of criminal conduct are self-evidently harmful to a person's reputation. But there is no argument that the allegations have been proven false in another forum, or that Plaintiff's counsel failed to make the required "reasonable inquiry" under Rule 11 to establish that the allegations were justified. *See* Fed. R. Civ. P. 11(b); *see also Trail v. Boys & Girls Clubs of Nw. Indiana*, 845 N.E.2d 130, 136 (Ind. 2006) ("Any statement actionable for defamation must not only be defamatory

because it is not "necessary to establishing or resolving a claim," are not sufficient. Def. Br. 2-4. While this meets the relatively low standard for material that the Court "*may* strike from a pleading," Fed. R. Civ. P. 12(f), Defendants have not shown that it would be appropriate to do so.

Although Defendants do not seek reconsideration of their motion to seal, they say that the Court misinterpreted their argument. The Court acknowledges their point that the FCA's seal requirement for *qui tam* actions may reflect "congressional concern about public dissemination of accusations that a party has defrauded the Government."[3] Def. Br. 6-8. No one disputes that allegations of criminal conduct can be harmful. But since the *qui tam* seal requirement does not apply to retaliation cases [DE 30 at 5-6 n. 3], arguments about the purpose of the requirement can only go so far. At oral argument, counsel candidly acknowledged they were unable to identify any case in which an FCA retaliation claim was restricted from public view, or the criminal allegations stricken, under these circumstances. The Court's research likewise found no such case.

Nevertheless, the Court acknowledges a certain incongruity in Plaintiff making public and potentially harmful allegations using a statute intended to facilitate confidential criminal investigations. Although it is not appropriate to strike the allegations, alternative relief is warranted. As explained above, Plaintiff's belief *during her employment* that Defendants were violating the law is relevant to her claims. However, her current assessment of the legality of Defendants' conduct has far less relevance to her FCA claim. In consideration of the prejudice that may accrue to Defendants if the allegations are not ultimately supported, the Court will direct

---

in nature, but false."); *Sasser v. State Farm Ins. Co.*, 172 N.E.3d 313, 321 (Ind. Ct. App. 2021) ("Just because words may be insulting, vulgar or abusive words does not make them defamatory."). So in this context, the statement that the complaint is "defamatory" simply means that it alleges someone violated criminal law.

[3] Even assuming the seal requirement is partly for the defendants' benefit, it is still "intended in main to protect the Government's interests" by "allay[ing] the Government's concern that a relator filing a civil complaint would alert defendants to a pending federal criminal investigation." *State Farm Fire & Cas. Co. v. U.S ex rel. Rigsby*, 137 S. Ct. 436, 443 (2016). There has been no suggestion of a pending criminal investigation related to this matter.

Plaintiff to re-file her complaint with modifications to the heading of Section IV.B and Paragraphs 23, 25, 31-33, 64, 73-76, 79-81, and 83.[4] Any accusation of illegality within these paragraphs must be explicitly premised on Plaintiff's beliefs during her employment, or on Defendants' beliefs during Plaintiff's employment, rather than a conclusory statement that the conduct was illegal.[5] Given the legal authority described above, there is no further relief the Court can appropriately provide Defendants.

Accordingly, the Court **GRANTS** the Motion to Strike [DE 31] **for relief different than requested**, and **ORDERS** Plaintiff to file an amended complaint consistent with this order by **December 7, 2022**. The Court **ORDERS** Defendants to file their responsive pleading within 21 days of the filing of the amended complaint.

The Court **ADVISES** that if no objection is raised by **December 1, 2022**, its prior orders addressing Defendants' motion to seal and motion to strike [DE 30, 33], along with this order, will be unsealed. The original complaint and Defendants' briefing on the motion to seal [DE 1, 21, 22, 23] will remain under seal. Any objection to the unsealing of the Court's orders must be consistent with Seventh Circuit case law, including that cited in prior orders.

So ORDERED this 22nd day of November, 2022.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT

---

[4] Paragraph 53 does not need to be modified; the disputed statement merely alleges that "*Plaintiff believed* she would be fired if she did not commit fraud." The disputed allegations specific to Counts II and III (¶¶ 85-87, 89, 92, 95, 98) do not need to be modified, because those counts do not pertain to the FCA.

[5] For example, the allegation that "at all times relevant to the complaint . . . [i]t constituted fraud to qualify patients and/or prescriptions of 219 Health Network through St. Catherine Hospital's 340B Program" (¶ 23) is not necessarily probative of Plaintiff's FCA claim. To the extent that allegation is maintained, it may be amended to state that *Plaintiff believed* during her employment that this conduct constituted fraud, which would tend to show that her complaints were "in furtherance of an action under [31 U.S.C. § 3730] or other efforts to stop 1 or more violations" of the FCA. 31 U.S.C. § 3730(h)(1).