UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **KIRIAKI KOULA TSAHAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  No. 2:21 CV 279 |
| | ) |
| **COMMUNITY FOUNDATION OF** | ) |
| **NORTHWEST INDIANA, INC., and** | ) |
| **ST. CATHERINE HOSPITAL, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>OPINION and ORDER</u>

This matter is before the court on defendants' motion to dismiss Count II of plaintiff's pleadings. (DE # 48.) For the reasons that follow, the motion is granted.

**I.   BACKGROUND**[1]

Plaintiff Kiriaki Tsahas, was employed as a pharmacist by defendant St. Catherine Hospital, Inc. ("St. Catherine") until her discharge in November 2019. (DE # 44 at 2.) St. Catherine is operated by defendant Community Foundation of Northwest Indiana, Inc. ("CFNI"). (*Id.*)

---

[1] The following factual allegations are taken from plaintiff's amended complaint (DE # 44) and are accepted as true for the purpose of resolving the pending motion to dismiss. *See Simpson v. Brown Cty.*, 860 F.3d 1001, 1009 (7th Cir. 2017). Additionally, the court has considered any additional allegations in plaintiff's response brief that are consistent with her amended pleadings. *See e.g. Geinosky v. City of Chicago*, 675 F.3d 743, n.1 (7th Cir. 2012) (a plaintiff opposing a Rule 12(b)(6) motion to dismiss "may elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings."); *United States ex rel. Hanna v. City of Chicago*, 834 F.3d 775, 779 (7th Cir. 2016) (a "plaintiff need not put all of the essential facts in the complaint but instead may add them by affidavit or brief—even a brief on appeal." (Cleaned up)).

Prior to her termination, plaintiff was Director of Pharmacy at St. Catherine, and was responsible for implementation of, and compliance with, the federal 340B drug discount program ("340B Program"). (*Id.*; 42 U.S.C. § 256b.) Plaintiff alleges that she was terminated because she objected to, and refused to participate in, what she believed was defendants' violation of the 340B Program. (DE # 44 at 15-16.)

The 340B Program "imposes ceilings on prices drug manufacturers may charge for medications sold to specified health-care facilities" that provide services to the poor. *Astra USA, Inc. v. Santa Clara Cnty., Cal.*, 563 U.S. 110, 113 (2011). The 340B Program is superintended by a unit within the federal Department of Health and Human Services ("HHS"). *Id.* Drug manufacturers opt into the 340B Program by signing uniform agreements that recite the responsibilities § 340B imposes on drug manufacturers and the Secretary of HHS. *Id.* "Manufacturers' eligibility to participate in State Medicaid programs is conditioned on their entry into [these contracts] for covered drugs purchased by 340B entities." *Id.*

St. Catherine is a covered entity under the 340B Program and participates in the Program. (DE # 44 at 3.) Covered entities are prohibited from reselling or otherwise transferring any covered outpatient drug that is subject to a § 340B agreement to a person who is not a patient of the entity. 42 U.S.C. § 256b(a)(5)(B).

Plaintiff believed that St. Catherine was improperly qualifying patients and/or prescriptions from one of CFNI's healthcare centers, 219 Health Network, Inc., for discounted drugs through St. Catherine's participation in the 340B Program. (DE # 44 at

2

4-5.) She was pressured by St. Catherine's CEO, CFO, and others to qualify the patients of 219 Health Network, Inc. for discounted drugs under St. Catherine's § 340B agreement, and because she refused to do so, St. Catherine terminated her employment. (*Id.* at 5-13.)

Plaintiff's amended complaint alleges three counts against defendants. (*Id.*) Defendants' present motion to dismiss only seeks dismissal of Count II, in which plaintiff alleges that defendants violated the Indiana Medicaid False Claims and Whistleblower Protection Act ("Indiana Medicaid False Claims Act"), Indiana Code 5-11-5.7-8, by terminating her employment because she attempted to follow the regulations of the 340B Program. (*Id.* at 16.) Alternatively, plaintiff claims that she qualifies for a whistleblower exception to Indiana's general employment-at-will doctrine. (*Id.*) Defendants' motion to dismiss is fully briefed and is ripe for ruling.

## II. LEGAL STANDARD

Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim

3

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III. DISCUSSION

#### A. *Relationship Between Indiana Medicaid False Claims Act and 340B Program*

Defendants argue that the Indiana Medicaid False Claims Act only addresses fraud committed against the Indiana Medicaid program, and because there is no link between defendants' participation in the federal 340B Program and Indiana's Medicaid

4

program, plaintiff has no right to relief under the Indiana Medicaid False Claims Act. (DE # 49 at 2.)

The whistleblower protections in the Indiana Medicaid False Claims Act apply to "claims, requests, demands, statements, records, acts, and omissions made or submitted in relation to the Medicaid program described in [Indiana Code] 12-15 in violation of . . . [Indiana Code] 5-11-5.7-2." Ind. Code § 5-11-5.7-1. Thus, the first question presented by defendants' motion to dismiss is whether plaintiff has alleged that defendants' acts or omissions were made *in relation to* the Indiana Medicaid program.

Plaintiff's response brief outlines a complicated theory as to how the 340B Program is related to Indiana's Medicaid program. Plaintiff begins by explaining the connection between the federal and state roles in implementing Medicaid, a connection defendants do not dispute. Yet, from there, plaintiff attempts to link a separate statute, the Medicaid Drug Rebate Program ("MDRP"), 42 U.S.C. § 1396r–8, with the 340B Program. Under the MDRP, "[t]o gain payment under Medicaid for covered drugs, a manufacturer must enter a standardized agreement with HHS; in the agreement, the manufacturer undertakes to provide rebates to States on their Medicaid drug purchases." *Astra USA, Inc.*, 563 U.S. at 114 (citing 42 U.S.C. § 1396r–8(a)). A provider may either receive a discount under § 340B *or* Indiana Medicaid, but not both. 42 U.S.C. § 256b(a)(5)(A); *Eli Lilly & Co. v. Cochran*, 526 F. Supp. 3d 393, 398 (S.D. Ind. 2021). While the MDRP is certainly related to the 340B Program (a drug manufacturer must participate in the 340B Program in order to participate in the MDRP, 42 U.S.C. §

5

1396r–8(a)(5)), the MDRP is a separate statute and functions differently from § 340B. The 340B Program establishes ceiling prices for drugs sold to providers, and the MDRP requires manufacturers to provide a rebate to the States.

Plaintiff has cited no convincing support for her position that these separate statutes are so interrelated that an act or omission in violation of the 340B Program also constitutes an act or omission under Indiana Medicaid. In essence, plaintiff would have this court treat all statutes involved in providing medical care to the poor as part of one statutory scheme, thus connecting the 340B Program to Indiana's implementation of Medicaid. Yet, Indiana Medicaid operates as a payor of medical expenses, whereas the 340B Program places a statutory ceiling on the prices to be charged. Plaintiff has not explained how these two distinct statutes are so interconnected that an action under § 340B also serves as an action *in relation to* Indiana Medicaid.

Plaintiff's attempt to connect the 340B Program to Indiana Medicaid runs into an additional problem. Plaintiff's theory is that, by fraudulently utilizing the 340B Program instead of Medicaid, defendants deprived the State of Indiana of rebates to which it would have otherwise been entitled under the MDRP, thus violating the Indiana Medicaid False Claims Act. However, as discussed above, the whistleblower protections in the Indiana Medicaid False Claims Act only apply to actions or omissions made *in relation to* the Indiana Medicaid program. Plaintiff's claim that defendants circumvented Indiana Medicaid essentially admits that defendants' actions were not made *in relation to* the statute at all. Therefore, she has no right to relief under the statute.

6

B.   *Common Law Exceptions to Indiana's At-Will Employment Doctrine*

In plaintiff's amended pleadings, she claims that she qualifies for a whistleblower exception to Indiana's general employment-at-will doctrine. (DE # 44 at 16.) Defendants argue that Indiana's public policy exceptions to at-will employment do not apply to plaintiff's situation, and even if they did, the exceptions are only recognized when an employee has no other remedy, and here, the federal False Claims Act ("FCA") (alleged in Count I of plaintiff's amended complaint) provides a remedy for the alleged retaliation plaintiff suffered. (DE # 49 at 2-3.)

In Indiana, there is a strong presumption that all employment is at-will, and may be terminated at any time, with or without cause, by either party. *Orr v. Westminster Vill. N., Inc.*, 689 N.E.2d 712, 717 (Ind. 1997). However, Indiana has recognized two public policy exceptions to the employment at-will doctrine.

First, it is against public policy to terminate an employee "solely for exercising a statutorily conferred right[.]" *Frampton v. Cent. Indiana Gas Co.*, 260 Ind. 249, 253 (1973) (employee discharged for filing worker's compensation claim could pursue retaliatory discharge claim against employer despite employment-at will doctrine). This exception does not apply in plaintiff's case. Plaintiff did not exercise any statutory right in challenging her superiors on, and refusing to participate in, defendants' alleged 340B Program violations, nor has she identified any statutory right on which a *Frampton* exception might be based.

7

The second exception exists for situations in which an employee is terminated for refusing to commit an illegal act for which he would be personally liable. *McClanahan v. Remington Freight Lines, Inc.*, 517 N.E.2d 390, 390 (Ind. 1988). In *McClanahan*, the plaintiff, a truck driver, was instructed to drive a route that would require him to exceed the state's maximum weight limit. *Id.* at 391. His employer recognized that he would be in violation of state law, but told the plaintiff that the company would pay any fine he incurred. *Id.* When the plaintiff refused, his employment was terminated. *Id.* The Indiana Supreme Court held that "firing an employee for refusing to commit an illegal act for which he would be personally liable is as much a violation of public policy declared by the legislature as firing an employee for filing a workmen's compensation claim." *Id.* at 393 (referencing *Frampton*). The Court noted that their holding created a "separate," and "tightly defined" second exception to the at-will employment doctrine. *Id.* at 393. This exception also applies when an employee is discharged for refusing to commit an act unlawful under federal law. *Walt's Drive-A-Way Service, Inc. v. Powell*, 638 N.E.2d 857, 858 (Ind.App.1994).

Plaintiff argues that she qualifies for the *McClanahan* exception because she could have faced criminal prosecution under Indiana Code § 35-43-4-2, Indiana's theft statute. She points to Indiana Code § 12-15-24-1, in which the Indiana Medicaid statute states that evidence that a person or provider received money in violation of the Indiana Medicaid statute constitutes evidence of theft under Indiana Code § 35-43-4-2. However, this court has already determined that plaintiff has failed to establish that a

8

violation of the 340B Program constitutes a violation of the Indiana Medicaid statute. Therefore, plaintiff has likewise failed to plausibly allege that she could have been held liable under the Indiana theft statute for a violation of the federal 340B Program.

Plaintiff also argues that she could have been held personally liable under the FCA. Under the FCA, any person who knowingly presents a false claim for payment or approval, or who makes a false record or statement material to a false claim, may be civilly liable to the U.S. Government. 31 U.S.C. § 3729. Plaintiff's pleadings sufficiently allege facts that establish that plaintiff could have been held personally liable under the FCA for submitting false claims with respect to the 340B Program. Thus, plaintiff might have qualified for a public policy exception to Indiana's at-will employment doctrine under *McClanahan*, were it not for the fact that Indiana does not recognize a common law retaliatory discharge claim where a plaintiff has a statutory remedy available.

In *Frampton*, the lack of any other effective remedy was an important factor motivating the Indiana Supreme Court to provide discharged employees with a common law cause of action. The Court found that, absent the opportunity to bring a wrongful discharge claim based on public policy, the plaintiff would have been left without a remedy and subject to retaliatory discharge for filing for worker's compensation, effectively nullifying the act's protections. *Frampton*, 297 N.E.2d at 427-28. The Indiana Supreme Court in *McClanahan* also emphasized the lack of a remedy for employees terminated for refusing to violate the law. *McClanahan*, 517

9

N.E.2d at 393 ("Depriving McClanahan of any legal recourse under these circumstances would encourage criminal conduct by both the employee and the employer.").

The Indiana Supreme Court has interpreted the *Frampton* and *McClanahan* exceptions to at-will employment very narrowly, refusing to expand the public policy exceptions set forth in those cases. *See e.g. Meyers v. Meyers*, 861 N.E.2d 704, 705-07 (Ind. 2007) (no exception to at-will doctrine under *Frampton* for employee discharged for attempting to exercise statutory right to overtime pay, discussing narrow interpretation of exceptions). Indiana appellate courts have refused to extend the doctrine where a statutory remedy is available. *See e.g. Coutee v. Lafayette Neighborhood Hous. Servs., Inc.*, 792 N.E.2d 907, 911–12 (Ind. Ct. App. 2003).

In *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 503 (7th Cir. 1999), the Seventh Circuit considered the viability of a plaintiff's common law retaliatory discharge claim, in which the plaintiff alleged that he was terminated for complaining about safety problems at his work place. The Seventh Circuit reviewed Indiana's at-will employment doctrine and noted "the vast body of Indiana law consistently has upheld the vitality of the employment-at-will doctrine, the narrowness of any public policy exception, and the conviction that revision of the long-standing at-will doctrine is best left to the Indiana legislature." *Id.* The Seventh Circuit held that the plaintiff could not proceed with his common law claim because the plaintiff had a state statutory remedy available (albeit one that he failed to properly invoke). The Court found that because the plaintiff had a statutory remedy available to him, and because the Indiana Supreme Court is

10

unlikely to expand the at-will exceptions, the plaintiff failed to state a cognizable claim for retaliatory discharge under Indiana law. *Id.* at 504.

Federal district courts in Indiana have consistently found, following *Groce*, that a plaintiff may not pursue a common law retaliatory discharge claim under an at-will public policy exception where the plaintiff had a statutory remedy available to her. This is true even when that statutory remedy was under federal, not state, law. *See e.g.*, *Pierce v. Zoetis, Inc.*, No. 1:14-CV-84-TLS, 2015 WL 789773, at *3–4 (N.D. Ind. Feb. 25, 2015), aff'd, 818 F.3d 274 (7th Cir. 2016) (remedies under Indiana law and Title VII); *Scholl v. Educ. Mgmt. Corp.*, No. 2:10-CV-343-TLS, 2012 WL 3915662, at *16 (N.D. Ind. Sept. 7, 2012) (remedy under Title VII); *Chambers v. Walgreen Co.*, No. 2:09-CV-193-TS, 2009 WL 3568659, at *3 (N.D. Ind. Oct. 26, 2009) (remedies under federal law); *Boyer v. Canterbury Sch., Inc.*, No. 1:04-CV-367-TS, 2005 WL 2370232, at *5 (N.D. Ind. Sept. 27, 2005) (remedy under ADA); *Patterson v. Toyota Motor Mfg., Indiana, Inc.*, No. 3:05-CV-003 RLY-WGH, 2005 WL 1355479, at *2 (S.D. Ind. June 6, 2005) (remedy under FMLA); *Carver v. Elec. Data Sys. Corp.*, No. 1:03-CV-1033-DFH-VSS, 2005 WL 552466, at *7–8 (S.D. Ind. Feb. 11, 2005) (remedy under FMLA); *Davenport v. Indiana Masonic Home Found. Inc.*, No. IP00-1047-C-H/G, 2004 WL 2278754, at *7 (S.D. Ind. Sept. 30, 2004) (remedies under Title VII, ADA, and Indiana law).

As a federal court exercising supplemental jurisdiction over this claim, this court must be reluctant to expand state law beyond the boundaries established by state law. *Vision Church v. Vill. of Long Grove*, 468 F.3d 975, 1004 (7th Cir. 2006). Like the Seventh

Circuit and the many other Indiana district courts to have considered this issue, this court predicts that the Indiana Supreme Court would not recognize a common law claim for wrongful discharge contrary to public policy where the underlying statute establishes its own remedies for retaliatory discharge.

Here, plaintiff invokes the FSA to support her claim for a public policy exception to the at-will employment doctrine. However, the FSA contains its own remedies for retaliatory discharge, remedies plaintiff invokes in this case. In light of these statutory remedies, plaintiff may not also invoke Indiana's common law cause of action for retaliatory discharge. *See Stocker v. Extendicare Health Servs., Inc.*, No. 3:16-CV-69-TLS, 2017 WL 83753, at *4 (N.D. Ind. Jan. 10, 2017) (where plaintiff had a remedy under FCA, her common law claim for retaliation was not cognizable). Accordingly, Count II of plaintiff's amended complaint fails to state a claim and must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the court **GRANTS** defendants' motion to dismiss Count II of plaintiff's amended complaint. (DE # 48.)

**SO ORDERED.**

Date: July 25, 2023

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT