**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF INDIANA**

**HAMMOND, INDIANA**

| | | |
|---|---|---|
| KIRIAKI KOULA TSAHAS<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY FOUNDATION OF NORTHWEST INDIANA, INC. , and ST. CATHERINE HOSPITAL, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CAUSE NO.: 2:21-CV-00279-JTM-JPK |

# THIRD AMENDED COMPLAINT FOR DAMAGES

## I. Introduction

1. This is a civil action for damages and other relief brought by plaintiff, Kiriaki Koula Tsahas, to redress violations of her rights under the anti-retaliation provisions of the False Claims Act, 31 U.S.C. §§ 3730(h), and her rights under the laws of the State of Indiana.

## II. Jurisdiction and Venue

2. This Court has jurisdiction over this case under 31 U.S.C. § 3732(a) (False Claims Act) and 28 U.S.C. § 1331 (Federal Question). Retaliation against an employee for reporting or attempting to report false claims in relation to the Indiana Medicaid program is prohibited by Ind. Code § 5-11-5.7-1 *et seq*. and Ind. Code § 12-15- 24-1 *et seq,* over which the court has jurisdiction pursuant to 31 U.S.C. § 3732(b). The Court has pendent jurisdiction over other claims arising under the laws of the State of Indiana.

3. Under 31 U.S.C. § 3732(a), the Northern District of Indiana is the proper venue for this case because it is the judicial district in which the events that gave rise to the Plaintiff's claims occurred, as well as the judicial district where the defendant's hospital is located.

## III. PARTIES

4. Plaintiff Kiriaki Koula Tsahas is a U.S. Citizen residing in the State of Illinois. Plaintiff is a licensed pharmacist, and from April, 1994, to November, 2019, was an employee of St. Catherine's Hospital, Inc., which is located in Lake County, Indiana.

5. Prior to the sudden termination of her employment, Plaintiff had been promoted to Director of Pharmacy at St. Catherine Hospital in East Chicago, Indiana. Part of Plaintiff's duties were to ensure the implementation of, and compliance with, the Federal 340B program.

6. Defendant Community Foundation of Northwest Indiana, Inc. (CFNI) is an Indiana not-for-profit organization that operates Community Healthcare System, which is comprised of several not-for-profit hospitals, including St. Catherine Hospital in East Chicago, Indiana, and Community Hospital in Munster, Indiana.

7. Defendant St. Catherine Hospital, Inc., is an Indiana not-for-profit corporation operating a hospital commonly known as "St. Catherine Hospital" located at 4321 Fir Street East Chicago, Indiana 46312. The Center for Medicare and Medicaid Services has assigned St. Catherine Hospital a unique ten (10) digit National Provider Identifier ("NPI number").

## IV. GENERAL ALLEGATIONS

### A. The Federal 340B Drug Discount Program and Disproportionate Share payments.

8. The Federal 340B drug discount program ("340B Program") was initially enacted as part of the Veterans Health Care Act of 1992 and expanded under the Patient Protection and Affordable Care Act of 2010.

9. The State of Indiana participates in the 340B Program in accordance with a State Plan prepared and implemented by the Indiana Family and Social Services Administration (FSSA).

10. The 340B Program allows safety-net providers, called "covered entities," to purchase prescription drugs for outpatient use from participating manufactures at a very significant discount.

11. Under Indiana law (I.,C. § 12-15-16-1, et seq.), health care providers qualifying as State of Indiana Medicaid Acute Disproportionate Share and Medicaid Safety Net Hospitals (DSH Providers) are eligible to receive Indiana Medicaid Disproportionate Share Hospital (State DSH) payments.

12. To qualify as a "covered entity" under 340B, a hospital, like St. Catherine's, must have a DSH adjustment percentage greater than 11.75%; this percentage takes into account the proportion of uninsured and Medicaid patients to commercially insured patients.

13. Defendant St. Catherine Hospital qualified for State DSH at all times relevant to this action.

14. St. Catherine's DSH adjustment percentage was particularly high compared to other hospitals within Community Foundation's umbrella. As a result, it was financially beneficial for other entities under Community Foundation's umbrella to steer Medicaid and other underinsured or uninsured patients to St. Catherine for treatment.

15. For prescriptions to qualify for the 340B Program the prescription must originate from a site that is under the reimbursable section of the hospital's medicare cost report or at registered off-site facilities, called "child sites," which can include free-standing outpatient facilities.

16. To qualify for the 340B program these child sites must not submit their own cost reports using a different Medicare provider number than their "parent 340B-eligible hospital."

17. All child site clinics must register as child sites of the parent 340B-eligible hospital in order to issue qualifying prescriptions under the 340B program.

**B. Defendants' Operation of its 340B Program**

18. The Plaintiff in this action is the former Director of Pharmacy for the Defendant St. Catherine Hospital.

19. The 340B law prohibits "diversion" which forbids covered entities from reselling or otherwise transferring discounted drugs purchased under 340B to anyone but their own patients, or from using 340B drugs in an inpatient setting.

20. As early as 2014 Plaintiff became aware that the previous pharmacy director had committed 340B diversion and Plaintiff wanted to self-report the incidence to the Health Resources & Services Administration but was instructed not to by her superior, Elizabeth Yee, who was the Vice President of Ancillary Systems with defendant Community Foundation.

21. In early 2019 physician's practices that had been listed under St. Catherine Hospital's Medicare cost report were reorganized into a new entity named 219 Health Network, Inc.

22. Leo Correa, the Chief Executive Officer ("CEO") of Defendant St. Catherine Hospital, started 219 Health Network, Inc., as a federally qualified health center ("FQHC") because FQHC's qualify for a higher physician reimbursable fees than hospitals like St. Catherine Hospital would for physician visits.

23. During the course of her employment with defendants, Plaintiff reasonably believed that FQHC regulations prohibited Hospitals from owning FQHCs. Therefore, since 219

Health Network was not a child site of St. Catherine Hospital or did not meet other criteria for the 340B Program, plaintiff believed that qualifying patients and/or prescriptions of 219 Health Network through St. Catherine Hospital's 340B Program violated the terms of that program.

24. Beginning in March of 2019, Plaintiff was being pressured by the Defendants' administrators, namely Leo Correa (St. Catherine CEO), Lauren Trumbo (St. Catherine CFO) and Elizabeth Yee (Community Foundation Ancillary Systems VP), to qualify patients of 219 Health Network under St. Catherine's 340B Program.

25. Based on her understanding of the relevant laws and regulations, Plaintiff believed that patients being sent to her by Community Hospital CEO Lou Molina to be provided with discount drugs through St. Catherine's 340B Program, were ineligible under that program

26. [The text of Paragraph 26 is sealed pursuant to the Court's Order of June 6, 2022 (DE #30)].

27. [The text of Paragraph 27, together with Plaintiff's Exhibit 1, is sealed pursuant to the Court's Order of June 6, 2022 (DE #30)].

28. The prescriptions that the Plaintiff was asked to qualify were coming from 219 Health Network which is a different entity outside of St. Catherine Hospital's main facility or registered child site and thus did not qualify for the 340B Program.

29. During a meeting that took place on May 13, 2019 involving Plaintiff and Leo Correa, Leo Correa was informed of [remaining text is sealed pursuant to the Court's Order of June 6, 2022 (DE #30)]. During the weeks immediately preceding this meeting, the CFO Lauren Trumbo and VP Elizabeth Yee, and staff had been made aware of [remaining text is sealed pursuant to the Court's Order of June 6, 2022 (DE #30)].

30. Up to this point, Plaintiff's employment evaluations were all exceptional. In her most recent evaluation of July, 2019, she was scored as a "Role Model" – the highest score available -- in nearly all categories evaluated, and in her overall performance. She was described as "a valuable leader of SCH hospital. Her contribution to the growth of 340B and Retail Pharmacy are very much appreciated by the hospital Administration. She has represented CHS pharmacy well in the State of Indiana. Her leadership is recognized statewide."

31. Despite receiving [the remaining text of the first clause of paragraph 31 is sealed pursuant to the Court's Order of June 6, 2022 (DE #30)], and despite being recognized in her July, 2019 evaluation for her knowledge of the 340B program, Plaintiff was still pressured to qualify patients whom she believed were being impermissibly steered to St. Catherine Hospital at the direction of CEO Leo Correa. In an email to Plaintiff dated August 22, 2019, Leo Correa stated, "patients should be steered to St. Catherine Hospital because of the financial significance associated with our 340B program that ultimately benefits our system." A true and accurate copy of this e-mail is attached to this Complaint as Plaintiff's Exhibit 2 and incorporated herein by reference.

32. Plaintiff was regularly emailed by senior management of St. Catherine Hospital to qualify patients into the 340B Program whom she believed were ineligible so that St. Catherine Hospital could purchase expensive drugs at 340B discounts.

33. When Plaintiff advised senior management of both CFNI and SCH, including Leo Correa, of her belief that steering of patients was prohibited by federal law, and that she therefore could not qualify such patients for the 340B Program, Leo Correa's attitude toward Plaintiff became increasingly negative and he, along with other senior management began

attempting to bypass Plaintiff to qualify these patients or prescriptions for coverage under St. Catherine's 340B Program.

34. On September 9, 2019, Plaintiff discovered that her superiors were contacting her staff to qualify patients for the 340B Program after Plaintiff had refused to qualify them.

35. On September 10, 2019, Plaintiff emailed CFO Lauren Trumbo regarding Plaintiff's concerns about the possibility of being audited for non-compliance with the 340B Program. A true and accurate copy of this e-mail is attached to this Complaint and incorporated herein by reference as Plaintiff's Exhibit 3.

36. As early as 2018, Plaintiff requested that the St. Catherine Hospital purchase "Epic 340B Management Software" to better keep track of the patients being qualified by St. Catherine Hospital. In the absence of such software, 340B compliance had to be confirmed by manually checking pharmacy and hospital data.

37. This purchase request was denied to Plaintiff, forcing her and her staff to continue to manually check records to avoid improperly qualifying patients into the 340B Program.

38. The absence of adequate software to track 340B compliance required manual manipulation, including overrides of the existing software. Therefore, to confirm accuracy in 340B compliance, Plaintiff and/or her staff performed monthly audits of the system to catch ineligible 340B prescriptions that would otherwise have been approved. These audits would disclose regular errors which Plaintiff sought to correct through improved software.

39. On September 20, 2019, at the annual 340B meeting for re-certification, policy approval, and audits finding, the following occurred:

a. Plaintiff presented new revised audit finding policies and process improvement initiatives which were all approved by the CFO, VP and corporate compliance manager.

b. Plaintiff once again reminded senior management of her position that the physician practices that had moved to 219 Health Network did not qualify for St. Catherine Hospital's 340B program.

c. Plaintiff asked the CFO, VP and corporate compliance officer if they had any questions, concerns, or recommendation of her 340B compliance initiatives.

A true and accurate copy of the 340B Annual Recertification Meeting Agenda, signed by Plaintiff, Lauren Trumbel, Elizabeth Yee and Stephanie Mitchell and dated 9/20/19 is attached to this Complaint and incorporated herein by reference as Plaintiff's Exhibit 4.

40. On September 24, 2019, Plaintiff met separately with the CEO, Leo Correa, to discuss all of the matters discussed at the September 20, 2019 meeting.

41. At no time during the September 20 or 24, 2019 meetings did the CFO, VP, CEO, or any other corporate compliance officer raise any objections or concerns regarding Plaintiff's handling of the 340B Program, but rather complimented Plaintiff for her proposed plans.

42. However, in the days that followed these meetings, when Plaintiff continued to voice concerns about St. Catherine Hospital's 340B compliance, senior management began taking actions against Plaintiff.

**C. Retaliation against Plaintiff.**

43. On October 8, 2019, Lauren Trumbo, the CFO sent an email to Plaintiff expressing concern that supply costs have gone up and whether Plaintiff had changed who

qualifies for the 340B Program. A true and accurate copy of this e-mail is attached to this Complaint as Plaintiff's Exhibit 5 and incorporated herein by reference.

44. Supply chain cost had gone up because Plaintiff could not qualify patients from 219 Health Network for the 340B Program [the remaining text of the first sentence of paragraph 44 is sealed pursuant to the Court's Order of June 6, 2022 (DE #30)]. Consequently St. Catherine Hospital had to buy higher priced drugs for these patients.

45. At the time Lauren Trumbo sent Ex. 5, she was aware of [the remaining text of the first sentence of paragraph 45 is sealed pursuant to the Court's Order of June 6, 2022 (DE #30)] and that this was the reason Plaintiff would not qualify the 219 Health Network patients for the 340B program.

46. Plaintiff told Lauren Trumbo directly that [the remaining text of paragraph 46 is sealed pursuant to the Court's Order of June 6, 2022 (DE #30)].

47. Despite this, Lauren Trumbo continued to push Plaintiff to qualify 219 Health Network Patients.

48. CFO Lauren Trumbo wanted Plaintiff to qualify the patients from 219 Health Network for the 340B Program for a year.

49. Plaintiff responded that this could not be done since most prescriptions written from the 219 Health could not qualify for the 340B Program and auditors look for, and will disqualify such claims.

50. On October 10, 2019, Plaintiff and Zorana Dypkowski, the manager of the retail pharmacy, had a meeting with Lauren Trumbo where they both showed Lauren basic rules of the 340B Program and stated that they could not legally qualify most patients from 219 Health Network.

51. Lauren Trumbo stated that she would take the information under consideration and then let the Plaintiff and Zorana know how to proceed.

52. On October 15, 2019, CEO Leo Correa called the Plaintiff in for a meeting to discuss the matter of qualifying 219 Health Network patients.

53. When Plaintiff attempted to explain to Leo Correa why 219 Health Network patients could not be qualified through the 304B program, he became noticeably hostile towards Plaintiff – ordering her to qualify the patients and stating that either she get her pharmacy manager and staff to qualify patients from 219 Health or that he would find another pharmacy director who will. Plaintiff took this statement as a threat that she would be fired if she did not commit fraud against the 340B Program.

54. That same day the Plaintiff reported CEO Leo Correa's threat to fire her to Lauren Trumbo, the CFO, who told Plaintiff that she was over-reacting and to let him calm down and she would talk to him.

55. Later that night, at an award dinner for Don Fesco at which Plaintiff and Leo Correa were in attendance, Leo Correa said to Plaintiff in the presence of others "Koula, why do you look so upset? You worried about what pharmacist I'm going to fire next?" which statement was taken by Plaintiff as another threat.

56. The following day, October 16, 2019, Plaintiff discussed Leo Correa's threat again with CFO Lauren Trumbo, and also reported it to VP Elizabeth Yee. Both responded that the Plaintiff ought not to worry, and they would speak to Leo Correa about the threat.

57. On October 16, 2019, Plaintiff was part of a conference call with Leo Correa and several other executives from Defendants, to discuss what originated as a prescription for Dr. Kumar, Chief Medical Officer for Community Foundation, which Dr. Kumar and the executives

wanted approved under 340B. Plaintiff explained that in order for this script to qualify under 340B the patient and the person writing the script had to meet the criteria for 340B in St. Catherine's retail pharmacy. Despite the fact that this prescription was originally written by a doctor unaffiliated with St. Catherine Hospital, which disqualified the prescription from coverage under St. Catherine's 340B Program, Plaintiff was instructed to approve the prescription under 340B. Plaintiff told the parties on the conference call that the prescription did not qualify unless all 340B requirements were met, but Leo Correa told the group that all employee scripts should qualify for 340B. Leo Correa sent an e-mail regarding his position, a true and accurate copy of which is attached to this Complaint and incorporated herein by reference as Plaintiff's Exhibit 6.

58. [The text of Paragraph 58, together with Plaintiff's Exhibit 7, is sealed pursuant to the Court's Order of June 6, 2022 (DE #30)].

59. Following this conference call, Leo Correa again threatened Plaintiff with firing.

60. In the days that followed, Plaintiff was preparing documents to prove to Lauren Trumbo and Leo Correa that she could not legally qualify the patients from 219 Health Network.

61. Plaintiff presented her findings to Elizabeth Yee on October 18, 2019.

62. On October 23, 2019, Plaintiff was called into Human Resources to meet with the Director of Human Resources, Diana Meyers and her assistant, Olivia. She was told that they were looking into some recent "happenings" in the 340B Program. At this meeting, Plaintiff advised the HR Director about the threats made by Leo Correa and requested that the problem solving procedure under the defendant's corporate policy be instituted. Part of that policy required that Plaintiff be provided with a complaint form to start an investigation. Plaintiff also requested to have a meeting with the head of corporate compliance and the Vice President of

Human Resources to explain the problems she was having with Leo Correa. Ms. Meyers promised, but failed, to provide the complaint form to Plaintiff.

63. On Friday, October 25, 2019, Plaintiff was recognized at an awards ceremony held by the Indiana Hospital Association, where she awarded the State of Indiana Caregiver of the Year Award. Elizabeth Yee introduced Plaintiff at this awards ceremony and praised her performance, stating, *inter alia*: "Koula leads by example, goes above and beyond and true is a great asset to Community Healthcare System."

64. On Saturday, October 26, 2019, Plaintiff reported CEO Leo Correa's above-described conduct to the Corporate Compliance hotline.

**D. Plaintiff is Fired.**

65. Plaintiff was off work on Monday and Tuesday, October 28-29, 2019 due to a family emergency. Plaintiff properly scheduled off for this leave.

66. On Monday, October 28, 2019 – three days after praising Plaintiff's performance and two days after Plaintiff filed her formal complaint against Leo Correa – Defendant, by Elizabeth Yee and Diana Meyers, issued Plaintiff a "Notice of Corrective Action," suspending Plaintiff pending investigation for alleged "Failure to follow approval process[,] Failure to adhere to compliance guidelines [and] Inconsistent facts and information provided." A true and accurate copy of this notice is attached to this Complaint and incorporated herein by reference as Plaintiff's Exhibit 8.

67. Plaintiff did not receive this notice until it was handed to her on October 30, 2019. Instead, on October 28, 2019, Plaintiff received a call from a staff member advising that Zorana Dypkowski, Manager of the Retail Pharmacy at St. Catherine Hospital, who had also refused to qualify ineligible patients for the 340B program, had been suspended.

68. Plaintiff returned to work on October 30, 2019, unaware of the issuance of the "Notice of Corrective Action" on October 28, 2019. Plaintiff stopped at the front desk to call Diane Meyers to pick up the complaint form that she had been promised. Olivia answered, told Plaintiff that Diane was not in, and that Plaintiff should go about her workday and she would be called when Diane came into the office.

69. Following this, Plaintiff discovered that her key to the office and pharmacy did not work. Still unaware that she had been suspended, Plaintiff asked Olivia if there was a problem. Olivia took Plaintiff to her office, gave her the compliance form, at which point security arrived and publicly escorted Plaintiff from the building.

70. On November 12, 2019, Plaintiff was officially terminated for "failure to follow the approval process and failure to adhere to compliance guidelines." A true and accurate copy of this termination letter is attached to this Complaint and incorporated herein by reference as Plaintiff's Exhibit 9.

71. In February of 2020, the unemployment office ruled in Plaintiff's favor finding that the St. Catherine Hospital was unable to prove that Plaintiff mismanaged the 340B program, or committed any other action justifying termination as reported by the Defendant.

**E. Conclusion**

72. The statutes, regulations, and all interpretive materials created by the Government in relation to this grant program make clear that compliance with the 340B Program requires specific qualifications from both those writing prescriptions and those receiving prescriptions in order to receive a discount on prescription drugs. These qualifications are mandatory in order for the hospital to buy drugs at any discounted rate under this voluntary program.

73. The forgoing facts demonstrate that Defendants were aware of Plaintiff's belief that federal law and regulations prohibited most patients whose prescriptions were written by 219 Health Network providers from qualifying for coverage under St. Catherine's 340B program.

74. Nevertheless, Defendants' senior management attempted to force Plaintiff to qualify those patients through St. Catherine's 304B Program and fired her when she refused to do so.

75. Plaintiff's direct knowledge of Defendants' attempts to push through patients that she believed did not qualify for the 340B Program, coupled with Leo Correa's statement that if Plaintiff would not qualify these patients, he would find someone who would, lead Plaintiff to believe that her employment would be, and in fact was, terminated in retaliation for her refusal to cooperate with or participate in senior management's attempt to quality ineligible patients under the 340B Program.

76. As set forth above, Plaintiff notified Defendants' senior management multiple times of her belief that defendants either had or were attempting to qualify ineligible patients or prescriptions under the 340B program, and in retaliation Defendants terminated Plaintiff's employment without just cause.

77. Plaintiff has suffered severe emotional distress for the deliberate behavior of the senior staff of St. Catherine Hospital.

78. Plaintiff has suffered the loss of her position as Director of Pharmacy, lost wages and benefits of employment, suffered the embarrassment of being led out of her workplace by security, and suffered the inability to find comparable work, all due to Defendant's retaliatory conduct against her.

## V. Claims

### Count I –Unlawful Retaliation Against Employee. 31 U.S.C. §3730(h)(1)

79. As stated in paragraphs 8-78 of this Complaint, Plaintiff notified her superiors of her belief, including the grounds for that belief, that qualifying patients from the entity 219 Health Network for discounts under St. Catherine's 340B Program either had or would violate relevant federal law and regulations.

80. On October 15, 2019, CEO Leo Correa, in a meeting with the Plaintiff during which Plaintiff reiterated her belief that qualifying 219 Health Network patients for discounts under St. Catherine's 340B Program would violate relevant federal law and regulations, Correa told Plaintiff that if she did not qualify these patients she would be fired. Similar threats were repeated over the following days.

81. Leo Correa's threats of termination were in direct retaliation for Plaintiff's refusal to commit acts which Plaintiff reasonably believed would violate the laws and regulations governing the 340B Program.

82. Within a few days after reporting CEO Leo Correa's threats, Defendant St. Catherine Hospital, by its Human Resources Director Dianna Myers, and Defendant Community Foundation, by its VP Elizabeth Yee, retaliated against Plaintiff by suspending and ultimately terminating her employment.

83. Defendants' suspension and subsequent termination of Plaintiff's employment were in direct retaliation for Plaintiff's refusal to commit acts which Plaintiff reasonably believed would violate the laws and regulations governing the 340B Program.

84. The Defendants violated the False Claims Act by retaliating against Plaintiff because of Plaintiff's attempts to follow the regulations of the 304B Drug Reimbursement Program in violation of 31 U.S.C. §3730(h)(1).

**Count II – Violation of Indiana Medicaid False Claims and Whistle Blower Protection Act Unlawful Retaliation Against Employee. I.C. 5-11-5.7-8**

85. At all times relevant to this action, the State of Indiana was a participant in the federal Medicaid program and had on file a State Plan which was approved by the federal Department of Health and Human Services.

86. At all times relevant to this action, St. Catherine Hospital had opted into the State of Indiana program by electing to "carve-in" its 340B drugs and bill Medicaid fee-for-service for drugs purchased at 340B prices.

87. Part of Indiana's State Plan authorizes Indiana Medicaid to participate in both the 340B Program and the Medicaid Drug Rebate Program, 42 U.S.C. § 1396r-8, et seq., two programs that were established to help provide prescription drugs to the poor and underserved.

88. The Medicaid Drug Rebate Program provides Indiana Medicaid with over fifty percent (50%) of the total Medicaid spending on drugs in the state.

89. Drugs purchased through the 340B Program are not subject to rebates under the Medicaid Drug Rebate Program, 42 U.S.C. § 1396r-8, et seq.

90. Any drug purchased improperly under the 340B Program deprives Indiana Medicaid of rebates to which Indiana Medicaid would otherwise be entitled but for the misuse of the 340B Program.

91. As detailed above, Defendants improperly steered Medicaid patients from other facilities to St. Catherine Hospital and improperly qualified Medicaid-eligible patients of 219 Health Network under the St. Catherine's 340B Program with the result that Indiana Medicaid

lost substantial sums of money to which it would have otherwise been entitled under the Medicaid Drug Rebate Program.

92. Defendants' actions, as set forth above, show, inter alia, that defendants "knowingly present[ed], or caused to be presented, a false or fraudulent claim for payment or approval" by Indiana Medicaid in violation of Ind.Code § 5-11-5.7-2(a)(1).

93. As stated in paragraphs 8-78 of this Complaint, Plaintiff notified her superiors of her belief, including the grounds for that belief, that qualifying patients from the entity 219 Health Network for discounts under St. Catherine's 340B Program either had or would violate relevant federal and state law and regulations.

94. On October 15, 2019, CEO Leo Correa, in a meeting with the Plaintiff during which Plaintiff reiterated her belief that qualifying 219 Health Network patients for discounts under St. Catherine's 340B Program would violate relevant federal law and regulations, Correa told Plaintiff that if she did not qualify these patients she would be fired. Similar threats were repeated over the following days.

95. Leo Correa's threats of termination were in direct retaliation for Plaintiff's refusal to commit acts which Plaintiff reasonably believed would violate the laws and regulations governing the 340B Program.

96. Within a few days after reporting CEO Leo Correa's threats, Defendant St. Catherine Hospital, by its Human Resources Director, Dianna Myers, and Defendant Community Foundation, by its VP Elizabeth Yee, retaliated against Plaintiff by suspending and ultimately terminating her employment

97. Defendants' suspension and subsequent termination of Plaintiff's employment were in direct retaliation for Plaintiff's refusal to defraud Indiana Medicaid by misusing the 340B Program.

98. The Defendants violated the Indiana Medicaid False Claims and Whistle Blower Protection Act (I.C. 5-11-5.7-1-8) by terminating the Plaintiff's employment because of her attempts to follow the regulations of the 304B Drug Reimbursement Program and prevent Indiana Medicaid from losing rebate funds to which it would otherwise be entitled.

99. Defendant's actions, as set forth above, were specifically intended to punish Plaintiff for exercising a statutorily-created duty to report violations of the 340B program to the appropriate officials.

**Count III – Defamation**

100. Defendants defamed Plaintiff Kiriaki Koula Tsahas by intentionally and deliberately spreading invidious lies about the reason for Plaintiff's termination which has led to her having difficulty finding new employment.

101. Defendant's Vice President Elizabeth Yee, Saint Mary Medical Center Pharmacy Director Michelle Myers and Director of Pharmacy for Community Hospital Elizabeth Clements told third parties that Plaintiff was terminated for 340B violations and/or for over qualifying ineligible patients to the 340B Program.

102. Plaintiff, as a result of these false statements about the nature of her termination has had difficulty finding work.

103. Employers who had in the past attempted to hire the Plaintiff have subsequently refused to hire her after hearing about her termination and being escorted off the premises by security guards.

104. St. Catherine Hospital through its corporate leadership intentionally humiliated the Plaintiff and spread or allowed the spread of lies about why her employment was terminated because Plaintiff would not qualify ineligible patients to the 340B Program.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests this Court to find that the Defendants have violated the anti-retaliation provisions of the False Claims Act, and the derivative state law claims. Additionally, Plaintiff respectfully requests this Court to find that the Defendants damaged the Plaintiff as a result of their conduct. The Plaintiff prays that judgement be entered against the defendant for all applicable damages alleged in Counts I through III, including but not limited to the following:

(i) Enter an Order requiring Defendants to reinstate Plaintiff into the position of Director of Pharmacy with the same seniority status that she would have had but for the discrimination;

(ii) Award Plaintiff two (2) times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees;

(iii) If reinstatement is impractical or impossible, award Plaintiff front pay and other legal and equitable relief in an amount and form to be determined at trial;

(iv) Award Plaintiff compensatory damages for her pain, suffering, embarrassment and reputational damages in an amount to be determined at trial;

(v) Order all other just and proper relief in favor of the Plaintiff.

Respectfully submitted,

/s/ Kevin Vanderground
KEVIN VANDERGROUND, #26627-64
CHURCH CHURCH HITTLE & ANTRIM
8585 Broadway, Suite 770
Merrillville, Indiana 46410
Phone: (219) 525-4465
Fax: (219) 472-8459
kvanderground@cchalaw.com

/s/ Rick C. Gikas
RICK C. GIKAS, #8196-45
414 East 86th Avenue
Merrillville, IN 46410
Phone: (219) 769-7405
Fax: (219) 769-7435
rickgikas@att.net

Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff hereby demands trial by jury upon all issues triable by Jury under the Federal Rules of Civil Procedure and applicable federal law.

Respectfully submitted,

/s/ Kevin Vanderground
KEVIN VANDERGROUND, #26627-64
CHURCH CHURCH HITTLE + ANTRIM
8585 Broadway, suite 770
Merrillville, Indiana 46410
Phone: (219) 525-4465
Fax: (219) 472-8459
kvanderground@cchalaw.com

/s/ Rick C. Gikas
RICK C. GIKAS, #8196-45
414 East 86th Avenue
Merrillville, IN 46410
Phone: (219) 769-7405
Fax: (219) 769-7435
rickgikas@att.net

Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of October, 2023, a copy of the foregoing documents was duly served upon all counsel of record in this action by electronic transmission through the Court's ECF filing system.

/s/ Kevin W. Vanderground
KEVIN VANDERGROUND, #26627-64
Attorney for Plaintiff

/s/ Rick C. Gikas
RICK C. GIKAS, #8196-45
Attorney for Plaintiff

Sent electronically to:

JEANINE M. GOZDECKI,
BENJAMIN.PERRY
KELLY.HARTZLER
PETER.RUSTHOVEN
BARNES & THORNBURG
201 S. Main Street, Suite 400
South Bend, IN 46601-2130
jeanine.gozdecki@btlaw.com
benjamin.perry@btlaw.com
kelly.hartzler@btlaw.com
peter.rusthoven@btlaw.com

[PLAINTIFF'S EXHIBIT 1 IS SEALED PURSUANT TO THE COURT'S ORDER OF JUNE 6, 2022 (DE #30).]

**Koula Tsahas**

**From:** Leo Correa
**Sent:** Thursday, August 22, 2019 11:58 AM
**To:** Koula Tsahas
**Subject:** RE: Remicade and Tysabri

My discussion with Lou was slightly different than described below.
He mentioned the leakage issue and wondered for those patient who were adamant about not wanting to come to East Chicago could they just offer the infusion at CH. I said of course.
So patients should still be steered to SCH because of the financial significance associated with our 340B program that ultimately benefits our system.
Please feel free to relay this to both Elizabeth and Beth.

**From:** Koula Tsahas <ktsahas@comhs.org>
**Sent:** Thursday, August 22, 2019 9:58 AM
**To:** Leo Correa <Leo.Correa@comhs.org>
**Subject:** FW: Remicade and Tysabri

Koula Tsahas
Director of Pharmacy
Community Healthcare System®
St. Catherine Hospital
4321 Fir Street, East Chicago, IN 46312
*Office: 219-392-7486*
*Fax: 219-392-7493*
Ktsahas@comhs.org

**From:** Koula Tsahas
**Sent:** Thursday, August 22, 2019 9:57 AM
**To:** Elizabeth Yee <eyee@comhs.org>; Elizabeth Clements <eclements@comhs.org>
**Cc:** Michelle Meyer <mmeyer@comhs.org>
**Subject:** RE: Remicade and Tysabri

Thank you for the update

Koula Tsahas
Director of Pharmacy
Community Healthcare System®
St. Catherine Hospital
4321 Fir Street, East Chicago, IN 46312
*Office: 219-392-7486*
*Fax: 219-392-7493*
Ktsahas@comhs.org



Exhibit 2

**Koula Tsahas**

**From:** Koula Tsahas
**Sent:** Tuesday, September 10, 2019 12:17 PM
**To:** Lauren P. Trumbo
**Subject:** RE: Atgam pt. needs to come back.

I did as instructed because I do not want to be displayed as I don't respect and adhere to my superior like Bill.
I respect and adhere and do as I am told by all my superiors including you, Leo, Elizabeth, Paula etc

But Lauren you know if we had a 340B audit this would come up as a diversion finding and we would have to pay back.

Koula Tsahas
Director of Pharmacy
Community Healthcare System®
St. Catherine Hospital
4321 Fir Street, East Chicago, IN 46312
*Office: 219-392-7486*
*Fax: 219-392-7493*
Ktsahas@comhs.org

**From:** Lauren P. Trumbo
**Sent:** Tuesday, September 10, 2019 8:51 AM
**To:** Koula Tsahas <ktsahas@comhs.org>
**Subject:** RE: Atgam pt. needs to come back.

Great news!

Thank you,
Lauren P. Trumbo

**From:** Koula Tsahas <ktsahas@comhs.org>
**Sent:** Monday, September 9, 2019 3:09 PM
**To:** Lauren P. Trumbo <Lauren.P.Trumbo@comhs.org>
**Subject:** FW: Atgam pt. needs to come back.

Hi Lauren:
this is some of the manual manipulation that I was talking to you about that we have to do.
Epic has tools to help with this and I have been advocating for a while now, Elizabeth told me today that she will help, sending her screen shot to better illustrate .

Koula Tsahas
Director of Pharmacy
Community Healthcare System®
St. Catherine Hospital
4321 Fir Street, East Chicago, IN 46312



Exhibit 3

340B Annual Recertification meeting Agenda:

September 20, 2019

1) Recertification Complete September 12,2019
2) Monthly Audits performed:
   - Hospital
   - Retail
   - 340B modifiers
   - Medicare appeals
3) Yearly Audit complete
4) Findings of Audits:

Hospital:

Lack of Epic IV prep and Dose check using IV track manual process- need Epic IV prep and dose Check. Corrections made daily.

Non –pharmacist mapping medication in Sentry- Corrections made.

Retail:

340B ordering process/policy not adhered to NDC matching corrections made. Corrections made

Non 340B patient medication filled –correction made

Process Improvements based on findings:
Only pharmacist to map medication in Sentry
Epic IV prep and Dose Check implementation
Pharmacy manager to order 340B meds only
Hire 340B specialists

5) Annual Policy approval
6) Job description

Annual report and items approved by:
Koula Tsahas
Lauren Trumbo 9/20/19
Elizabeth Yee 9/20/19
Stephanie Mitchell 9/20/19

**Koula Tsahas**

| | |
|---|---|
| **From:** | Koula Tsahas |
| **Sent:** | Monday, October 21, 2019 4:28 PM |
| **To:** | Koula Tsahas |
| **Subject:** | FW: SCH Retail pharmacy |
| **Attachments:** | SCH Retail Pharmacy SO FY20 ended September 2019.xls; SCH Retail Pharmacy SO FY20 ended June 30, 2019.xls |

Koula Tsahas
Director of Pharmacy
*Community Healthcare System*
St. Catherine Hospital
4321 Fir Street, East Chicago, IN 46312
*Office: 219-392-7486*
*Fax: 219-392-7493*
Ktsahas@comhs.org

**From:** Lauren P. Trumbo
**Sent:** Tuesday, October 8, 2019 9:25 AM
**To:** Koula Tsahas <ktsahas@comhs.org>
**Cc:** Elizabeth Yee <eyee@comhs.org>
**Subject:** FW: SCH Retail pharmacy

Koula,
Have we changed who qualifies for 340B in the retail? We shouldn't have.
The retail FY20 SO which is attached, shows significant increase to net revenue, but the supply cost has exceeded this, which is why the bottom line profit is lower than prior year.

Thank you,
Lauren P. Trumbo

**From:** Lauren P. Trumbo
**Sent:** Tuesday, October 8, 2019 9:22 AM
**To:** Mary Ann Shacklett <mshacklett@comhs.org>
**Subject:** SCH Retail pharmacy

Hi Mary Ann,
As requested, SCH's Retail pharmacy SO's are attached. I will be looking into why our supply cost, for FY20, has increased more than the increased revenue, which has lowered our bottom line.
Sincerely,

*Community Healthcare System*
**Lauren P. Trumbo, CPA, MAcc**
VP Finance / CFO



Exhibit 5

**Koula Tsahas**

---

**From:** Leo Correa
**Sent:** Wednesday, October 16, 2019 2:39 PM
**To:** Dr. Alan Kumar
**Cc:** Koula Tsahas; Lauren P. Trumbo
**Subject:** Employee 340B

Doesn't this answer the question if we can have a special carve out for our employees?

**FAQ ID:** 1435
**Last Modified:** 09/15/2014
**Q: Are employees of a covered entity eligible to receive 340B drugs?**
**A:** Covered entities may only distribute 340B drugs to their employees that meet the patient definition guidelines set forth under the 340B Program. The 340B Program is limited to patients of the covered entity and has never been a general employee pharmacy benefit or self-insured organization pharmacy benefit. Evidence of an employer relationship or insurer relationship alone is insufficient to determine 340B patient eligibility.
**Minimize Content**

Leo Correa
Chief Executive Officer
St. Catherine Hospital
4321 Fir Street
East Chicago, IN 46312



Exhibit 6

[PLAINTIFF'S EXHIBIT 7 IS SEALED PURSUANT TO THE COURT'S ORDER OF JUNE 6, 2022 (DE #30).]

COMMUNITY HEALTHCARE SYSTEM®

# Notice of Corrective Action – Work Rule Violation

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | CCNI Munster, IN | ☐ | CFNI Munster, IN | ☐ | Community Hospital Munster, IN | ☒ | St. Catherine Hospital East Chicago, IN | ☐ | St. Mary Medical Center Hobart, IN | ☐ | CVI Munster, IN | ☐ | CSRC Crown Point, IN |

**I.** **Identifying Information**

| | | | |
|---|---|---|---|
| Name: | Koula Tsahas | ID # | 30161 |
| Position: | Director, Pharmacy | Department: | Pharmacy |

**II.** **Correction Action History:** ***Includes past 12 months with dates of corrective actions for Attendance, Tardies, and Work Rule Violations. Acquiring 3 corrective actions of any kind during a 12 month period will result in termination.***

| Date | Corrective Action Issue | Reason for Corrective Action |
|---|---|---|
| | | |
| | | |
| | | |

**III.** **Corrective Action Level**

Effective date: 10/28/2019

☐ First Corrective Action
☐ Suspension
Dates of suspension:
☒ Investigative suspension/subject to discharge:
Dates of suspension: 10/28/19-TBD
☐ Discharge effective date:

**Work Rule Violation(s)**

Failure to follow approval process
Failure to adhere to compliance guidelines
Inconsistent facts and information provided

*Reason for corrective action: include date, time, and location of incident*

Effective immediately you are being placed on suspension pending investigation.

**Issuance of this corrective action renders you ineligible to transfer to any other position for a period of six (6) months. Should another corrective action occur within a year from the date of the issuance of this corrective action, you will be subject to further corrective action up to and including termination.**

**My signature below does not mean that I agree with the action taken, but that it has been reviewed with me. I also understand that the Problem Solving Procedure is available prior to termination of employment and cannot be accessed during or after the termination process.**

| Employee Signature | Date | Management Signature | Date | HR Review | Date |
|---|---|---|---|---|---|
| | | Elizabeth Yee | 10/28/19 | Deanna Myer | 10/28/19 |

Revised 6/2019

Exhibit 8

COMMUNITY HEALTHCARE SYSTEM®
St. Catherine Hospital

November 12, 2019

Koula Tsahas
555 N. Artesian Ave.
Unit H
Chicago, IL 60612

Dear Koula:

This letter is to inform you of your employment status based on the incident below and additional information.

You were placed on suspension pending investigation on October 28, 2019. Our investigation has now concluded.

Effective today, November 12, 2019, we have decided to terminate your employment for failure to follow approval processes and failure to obtain approval.

If you have benefits, information regarding COBRA will arrive at the address above under separate cover. Any accrued and unused PTO will be paid out on your final check. Please contact me to schedule a time to collect your belongings. If you prefer we gather them, please send me an address where they may be sent. If you have any questions about the separation process, you may contact me at 219-392-7145.

Sincerely,

Dianna Myers

Dianna Myers, PHR
Director, Human Resources

Cc: File
Sent via FedEx, email