UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

KIRIAKI KOULA TSAHAS,              )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )        No. 2:21 CV 279
                                   )
COMMUNITY FOUNDATION OF            )
NORTHWEST INDIANA, INC., and       )
ST. CATHERINE HOSPITAL, INC.,      )
                                   )
        Defendants.                )

## OPINION and ORDER

This matter is before the court on defendants' motion to dismiss Count II of

plaintiff's Third Amended Complaint. (DE # 72.) For the reasons that follow, the

motion is granted.

I.      BACKGROUND

In July of 2023, defendants Community Foundation of Northwest Indiana, Inc.

and St. Catherine Hospital, Inc. moved to dismiss Count II of plaintiff Kiriaki Tsahas'

amended complaint. (DE # 48.) In Count II, plaintiff alleged that defendants violated

the Indiana Medicaid False Claims and Whistleblower Protection Act ("Indiana

Medicaid False Claims Act"), Indiana Code § 5-11-5.7-8, by terminating her

employment because she objected to the defendants' alleged misuse of the federal 340B

drug discount program ("340B Program"), 42 U.S.C. § 256b. (DE # 44 at 15-16.)

This court granted defendants' motion to dismiss Count II, finding that plaintiff

had not plausibly established that an act or omission in violation of the 340B Program is

made "in relation to" Indiana's Medicaid program, as required by Ind. Code

§ 5-11-5.7-1. (DE # 63.)[1]

Plaintiff moved to file a third amended complaint, reintroducing Count II. (DE #

64.) This court granted the unopposed motion to amend. (DE # 65.)

Count II in plaintiff's third amended complaint alleges the same claim as in her

second amended complaint, but formally pleads facts that were included in plaintiff's

response brief, but not in the second amended complaint. This court considered those

additional facts in ruling on defendants' original motion to dismiss. (*See* DE # 63 at 1, n.

1.) A full recitation of the facts alleged can be found in this court's prior order, and will

not be repeated here. This matter is fully briefed and is ripe for ruling.

## II.    LEGAL STANDARD

Defendants move for dismissal pursuant to Federal Rule of Civil Procedure

12(b)(6), for failure to state a claim upon which relief may be granted. A judge

reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the

complaint in the light most favorable to the non-moving party, accept all well-pleaded

facts as true, and draw all reasonable inferences in favor of the non-movant. *United*

*States ex rel. Berkowitz v. Automation Aids, Inc.,* 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil

Procedure, the complaint need only contain "a short and plain statement of the claim

---

[1] Alternatively, plaintiff claimed that she qualifies for a whistleblower exception to Indiana's general employment-at-will doctrine. This court rejected this argument. Plaintiff appears to have abandoned this argument in the third amended complaint.

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal

pleading standard is quite forgiving, . . . the complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City*

*of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S.

544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To meet this standard, a complaint does not need detailed factual allegations,

but it must go beyond providing "labels and conclusions" and "be enough to raise a

right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must

give "enough details about the subject-matter of the case to present a story that holds

together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). Even if the truth

of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot

dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as

true, a plaintiff has "nudged their claims across the line from conceivable to plausible."

*Twombly*, 550 U.S. at 570.

## III.    DISCUSSION

Defendants once again argue that the Indiana Medicaid False Claims Act only

addresses fraud committed against the Indiana Medicaid program, and because there is

no link between defendants' participation in the federal 340B Program and Indiana's

Medicaid program, plaintiff has no right to relief under the Indiana Medicaid False

Claims Act. (DE # 73 at 4.)

Plaintiff argues that her third amended complaint alleges facts showing that

medications improperly diverted through St. Catherine's 340B Program, as well as

patients improperly steered to that program, resulted in lost revenue and increased

costs to Indiana Medicaid. (DE # 78 at 2.) It is true that plaintiff has plausibly alleged

that defrauding the 340B Program has an ancillary effect on Indiana Medicaid.

However, the relevant inquiry under the Indiana Medicaid False Claims Act is not

whether a plaintiff was retaliated against for reporting an action with an *effect* on

Indiana Medicaid. Rather, the whistleblower protections in that statute apply to acts or

omissions made *in relation to* Indiana Medicaid, as this court's prior Opinion and Order

explained. Plaintiff's amended Count II still does not plausibly allege any "claims,

requests, demands, statements, records, acts, [or] omissions made or submitted in

relation to" Indiana Medicaid. *See* Ind. Code § 5-11-5.7-1.[2] Furthermore, as this court

explained in its earlier Opinion and Order, far from alleging that defendants

committed acts or omissions in relation to Indiana Medicaid, plaintiff's theory is that

defendants circumvented Indiana Medicaid entirely.

---

[2] Plaintiff argues that, in order to satisfy the "in relation to" language of
§ 5-11-5.7-1, she "must plausibly demonstrate how defendants' misuse of the 340B
program could have negatively impacted the Indiana Medicaid program." (DE # 78 at
13.) But this incorrectly assumes that an act that negatively impacts Indiana Medicaid is
necessarily an act made in relation to Indiana Medicaid. Here, the acts in question were
made in relation to the 340B program. The alleged downstream consequences to
Indiana Medicaid do not change the direction in which those acts were made – toward
the 340B program.

4

Plaintiff's third amended complaint is, in essence, an improper attempt to have the court reconsider its earlier Opinion and Order. Plaintiff cites to no new allegation that was not previously considered, and rejected, by this court, and cites no alleged misapprehension on the part of this court as to the arguments plaintiff made in briefing the earlier motion to dismiss. Plaintiff's disagreement with this court's decision is not an appropriate basis on which to file an amended complaint reintroducing a dismissed claim.

## IV.    CONCLUSION

For the foregoing reasons, as well as those in this court's Opinion and Order dated July 25, 2023, (DE # 63), the court **GRANTS** defendants' motion to dismiss Count II of plaintiff's third amended complaint. (DE # 72.)

**SO ORDERED.**

Date: September 10, 2024

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT